Chief Justice Bibb
delivered the Opinion of the Court.
The slanderous words charged in the first count are, “ Albert Bright stole my sugar and coffee.”—"Albert Bright stole my sugar and coffee, and I have no doubt enough to last him two years.”—"Albert Bright stole my sugar and coffee, and I can prove it.”
The second count alleges, that the plaintiff being in the employment of the defendant as his tavern keeper, in a conversation concerning the manner in which said plaintiff discharged his duty as a tavern keeper as aforesaid, the defendant uttered these words: u Albert Bright stole my sugar and coffee.”
The third court charges the uttering and publishing of these words: “ Albert Bright stole my teaspoons.”
The defendant pleaded (as justification,) three pleas, which are not materially variant from each other, the defendant avers that the plaintiff was in his employment and service, as a tavern keeper; that the defendant furnished for his tavern, sugar, coffer and tea spoons, which were in the care, superintendance and management of the plaintiff, as defendant’s tavern keeper; that the defendant had great cause of dissatisfaction; had required the plaintiff to come to a settlement of the expenses and profits of the defendant’s tavern, and of the use and waste of the utensils and groceries; and in said settlement he had great cause for dissatisfaction on account of the loss and waste of Iris sugar, cof re &c. by the neglect and breach of trust of the plaintiff; that afterwards, in conversation with John Logan and no other, “and in his presence, only in relation to said tavern and house, and the mismanagement of said plaintiff’s agency and trust as aforesaid, and in relation to no other subject or matter,” spoke the words in the declaration mentioned.
To these pleas the plaintiff demurred, the court overruled the demurrer and gave judgment for the defendant.
where the words spoken beeif guilty of felony, lmt othe1’ showing* that no felo-have°been oommmitted *ter n0 action can be maintain-Cl1,
One having-the care and oversight of articles in the honse or possession of another, (as one employed to keep another’s tavern,) may commit felony by taking such articles. —Not so, where the possession has been changed by consent of the owner (as a pawnee.) — » To charge one who had the mere care and o-vorsigbt of goods, without a separate possession with stealing them, is slander; ami the relation of the parties will not ex-cns' the words.
*131 in support of this decision upon the pleas, the counsel for the defendant rely on that class of cases adjudged upon words spoken, wherein a charge of felony is alleged, but by the explanation immediately following, the fact asserted cannot be a felony: wherein the act done is stated, and thereupon it manifestly appears that no felony could be, or has beca committed. As where the defendant said he is a murderer, he killed my hares. lie is a thief, and stole half an acre of my corn, lie is a thief, and stole my furze, and such like.
In all these, it manifestly appears, from the words spoken, that the defendant has reasoned badly, in-fering that to he a felony, which from his own words was not a felony. Where he has miscalled the act done, spoken of a subject whereof no felony could be committed, or showing by the very uí-terancc of the words that, at most, only a tresspass or breach of trust had been committed. The edge of the slander in this ciaos of cases is taken off by the words of explanation.
But in the present case, the subjects spoken of, sugar, coffee and spoons, are such as that felony may be committed of litem. Neither does the situation of the plaint iff as a tavern keeper in the service and employ of the defendant, having the care and overcharge of the sugar, coffee and spoons, necertarily refute the charge of felony, and the slanderous effect of the words spoken. . Felony might be committed by the plaintiff of the tilings committed to his charge. A butler may steal his master’s plate, or a hostler his master’s horse; or a servant his master’s goods committed to his charge. As where a carter went a-vay with his master’s cart. The distinction is, between having the legal possession sep-iv’ite and distinct from the owner, (far instance) as pawnee, and the like; and having lmt a bare charge of the goods, a more manual tenure, where the legal custody, ami possession is with tiie owner, and his control and supcrintcndance remains. The defendant was the owner of the inn; and the plaintiff was acting in the service and employ of the owner; the sugar, and coffee, and the spoons were of and *132 belonging to the defendant; the legal possession and control was with Gill. Bright had but the charge and mar igement for the interest and profit of Gill. Felony of these goods might have been committed by Bright. The words spoken, imported a charge of felony; the subject matter and occasion of speaking, as explained in the picas, do not negative the charge of felony; much less shew an impossibility that the plaintiff could have committed lelony of them. The words as spoken, with the explanations of the ¡deas, are not reduced tp charges of mere-breaches of trust. Many cases have been adjudged felonies, where the culprit was guilty of a breach of trust first, and a felony by the alter act. Whilst the goods were in the house and tavern of Gill they were his, the property was his, the legal possession was his, tlic charge or care of them entrusted to Bright, did not separate the possession from the right of property; and Bright, might have feloniously taken and carried away these goods. The words import it; the charge of stealing is directly and strongly contained in the words, and the edge of the slander is by no means taken off by the pleas.
To show, hy plea, that no felony was committed, will not justify the speaking of words imputing a felony: to justify, the defendant must allege and prove, that other word? were used in con-nexion with the. charge, i.-inch so explained it to the hearers, as to show that no felony was in fact committed.
Suppose the slanderous words charged in a declaration were, he committed perjury in a trial between A and B, and the defendant should plead that no trial had ever taken place between A and B. Now this plea would prove that the plaintiff could not pogsibiy have committed the perjury charged. But yet it could be no justification. The words import that such a trial had taken place, that the plaintiff had been sworn and had committed a perjury. The plea would show the falsehood of‘.the charge which the words imported, but not that the hearer must have known that no perjury had been committed. So here the words import a charge of felony, the pleas are, that the charge of felony was untrue; but .they do not show that the hearer must have known that no felony was committed. The pleas show, that the felony might have been committed, the words stated in the declaration are admitted to have been spoken; they import a charge of felony, and the pleas do no more than to leave the inference, that the plaintiff might have super- *133 added felony to a breach of trust. The hearer was at full liberty to draw the inference of breach of trust and felony, combined in the acts charged by the words as spoken.
Crittenden and Talbot, for plaintiff; Mayes for defendant.
This case is not brought within the reason and principle of the cases wherein the words spoken were held not actionable, because the antidote to the poison was contained in the words themselves. In that class of cases every one who heard the words Was bound to conclude that no felony had been committed. In this case every hearer of the words is at liberty to conclude and believe, (the facts disclosed in the pleas notwithstanding,) that felonies aggravated by previous breaches of trust had been committed. For one who has the. bare charge, or the special use of goods, as a shepherd who looks .after sheep, or a butler who takes care of plate, or a servant who keeps the key of a chamber, maybe guilty ox felony in fraudulently taking away the same; for though the property be delivered, the possession remains in the true owner. Many other such cases have been adjudged, from which the principle is clear, that Bright, whilst in the service and employ of Gill as stated in the pleas, might yet have committed felony of the goods committed to his charge, care and diligence. The injury to the. owner is as secret, the fraud as great; and the villany more base, than if it had been done by a stranger. (1 Hawk. p. c. book 1, chap. 33, sect. 6; 1 Hale. p. c. 566.)
It seems to this court that the pleas do not contain matter of justification for speaking the words, nor any thing in bar of the plaintiff’s action.
it is therefore considered by the court, that the judgment of the circuit court be reversed, and the case remanded, with directions to enter judgment for the plaintiff on the demurrer to the pleas of the defendant, and for further proceedings according to the principles of law.
Plaintiff to recover costs in this court.